## Curtis Estate

*Russell J. Brownback* and *Rodney T. Bonsall,* for accountants.

*High, Swartz, Roberts & Seidel,* for trustees.

*J. Brooke Aker,* guardian and trustee ad litem.

TAXIS, P. J., June 28, 1965.—. . . Two questions have been presented to this court for adjudication.

Question 1: Relates to the funding of annuities and exoneration of such portions of principal as are not needed to secure the annuities pursuant to item 8(i) of the will and section 802 of the Fiduciaries Act of April 18, 1949, P. L. 512; and

Question 2: Apportionment of stock dividends of six percent or less.

Item 8 of the will provides:

"All the rest, residue and remainder of my estate, whether real, personal or mixed, wherever situated, and including any estate over which I have a power of appointment, which I hereby express my intention of exercising, I give, devise and bequeath to my executors and trustees hereinafter named, IN TRUST, to invest the same and keep invested, with the powers hereinafter more particularly set forth, and to collect the income therefrom, and to pay the income and principal thereof as follows: . . ."

Paragraphs 8(a), (b), (c), (d), (g) and (h) provide for specific annuities to named individuals, all of whom have now died.

Paragraph 8(e) provides for annuities of $3,500 to ". . . grandchildren who may be living at my death". There are five such annuitants, presently receiving a total of $17,500.

Paragraph 8(i) provides as follows:

"The balance of my said residue not used or needed for the above mentioned gifts and annuities, and the principal yielding said annuities as the same may become available from time to time by the death of annuitants, and any income not otherwise disposed of, shall be paid over to and divided equally between my two daughters, Helen P. Wells and Alice P. Martin, to be theirs absolutely. In case either of my daughters should not be living at the date when such payments would be made to her if living, said payments shall be made to her issue, to be theirs absolutely".

At the audit, the accountants, pursuant to section 802 of the Fiduciaries Act of April 18, 1949, P. L. 512, requested the court to fund the annuities totalling $17,500 per annum, and release and exonerate such portions of principal as are not needed to secure these annuities and to direct distributions of such "unneeded principal". The account shows a book value of principal of $503,068.32, and a market value, as of February 9, 1965, of $1,190,459.59. The accountants also advise the court that the present annual income is $44,000 per year, more than twice that necessary to pay these annuities. At audit, the accountants have submitted to the court a suggested distribution of securities setting forth those to be retained by the trustees having a market value of $883,581, producing an estimated annual income of $33,541, and a list of those securities proposed to be distributed totalling $302,204, showing an estimated annual income of $11,230. This court has had occasion in a recent estate (Harrison Estate, 36 D. & C. 2d 693) to approve distribution of excess funds under section 802, where the court was satisfied that

the retained funds would produce sufficient income to more than satisfy the present annuities. The court is of the belief that the proposed retention of securities suggested by the trustees and those to be distributed as "not . . . needed" to fund these annuities is a meritorious request. Their suggestion is approved, and the schedule of distribution, which is hereinafter directed to be filed, shall reflect the retention of securities and the distribution of principal as set forth in the compilation submitted to the court at audit and referred to previously.

The guardian ad litem and trustee ad litem in his report states that "[he] is satisfied that the amount to be distributed and [that] the selection of securities to be distributed is proper, and no objection is made to either". The guardian ad litem also states that "the amount retained is in line with the recent action by this court in Harrison Estate, 36 D. & C. 2d 693, where this court approved distribution of excess funds under section 802, where the retained fund would produce 'nearly double the amount required' to pay the annuity, where it was pointed out that 'the rate of capitalization would be two percent, which offers greater protection than three percent recognized as customary . . .' "

The guardian ad litem has made a suggestion that the trustees may deem it prudent to accumulate excess income, in the event that the retained securities do not produce the required income for these annuities, and suggests language similar to that employed in Harrison Estate, supra, to be included in this adjudication. The accountants are "in entire accord with this, unless the court believes that it in any way violates the will direction to distribute excess income". The court concludes that, under item 8(i), such proposal is not violative of the terms of the will. The court, therefore, suggests that the trustees consider the prudence of

accumulating excess income to provide a cushion against any future contingencies or deficiencies. Cf. Harrison Estate, supra.

Concerning the question of apportionment of stock dividends of six percent or less, there are two sets of dividends to be considered: (a) Those received *prior* to the last accounting adjudicated on February 28, 1961, and (b) those received *since* the last accounting.

The stock dividends received prior to the last accounting involve additional questions for the court's consideration. Had there been no occasion for the present accounting, the orderly procedure would have been to file a petition to open and review the adjudication of 1961. However, the technically correct procedure need not be pursued in the instant matter, since there is now an accounting before the court and all parties having any interest have had notice thereof. The court rules that the question is properly raised at this time, and concludes that the six percent stock dividends received *prior* to the last accounting should be and are herewith awarded to income, the trust being a pre-1945 trust and the instrument not indicating any clearly expressed intent of the testatrix to the contrary. The awards of these stock dividends as set forth in a schedule submitted to the court at the time of audit are approved and such awards to be reflected in the schedule of distribution, hereinafter directed to be filed.

Concerning the stock dividends of six percent or less received since the last accounting, the accountants have submitted the record dates and present values of the shares still retained in principal and the proceeds of those sold. The court, pursuant to Pew Trust, 411 Pa. 96, concludes that all of such dividends should be and are herewith awarded to income, as set forth under rider attached to the petition for adjudication. . . .

AND NOW, June 28, 1965, this adjudication is confirmed nisi.